WARNER D. ORVIS ET AL., PLAINTIFFS-APPELLEES, v. EMILIE R. EMMONS, DEFENDANT-APPELLANT.

Submitted January term, 1935—Decided April 11, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiffs-appellees, *Fast & Fast* (*Louis A. Fast,* of counsel).

For the defendant-appellant, *Samuel Morris.*

PER CURIAM.

This is defendant's appeal from a judgment entered in the Common Pleas Court of Atlantic county, the trial court having directed a verdict in favor of the plaintiff and against the defendant. The suit is on a check given the plaintiff by the defendant which was not honored because the defendant stopped payment.

The grounds for reversal are six in number. The first two challenge the action of the trial court in allowing in each instance a witness to answer a question. These two grounds for reversal are not available to the appellant for the reason that counsel has not, on the record before us, made out a good ground of appeal. Counsel, in opposing the question, merely says, "I object," but assigns no legal ground for his objection. This course is unavailing. The ground of objection must be stated to the trial court in order that he may know the reason for the objection and in the absence thereof the action of the trial court, in receiving or rejecting testimony, cannot be made a ground for appeal.

The third and fifth grounds for reversal are not argued and are therefore considered as abandoned.

The fourth ground urged for reversal that the court erred in admitting over objection *Exhibit P-2,* which we observe was a copy of what is known as a "margin" agreement, used between broker and customers who trade on margin or part

credit, we think is unavailable because the exhibit complained of is not included as part of the record. We further think the point cannot be meritorious since at one stage in the trial of the case, during the cross-examination of the defendant, counsel withdrew his objection to "the proof of the copy." For these reasons we do not think the point should be considered.

The last ground is that the trial court erred in directing a verdict for the plaintiff. This point is argued in a general sort of fashion and the best we can make out of it is that appellant claims a verdict should not have been directed because there was a failure of consideration for the check in question. The plaintiff was a stock broker and was carrying an account for the defendant on margin. The defendant's check was delivered at the time that the sharp decline in the price of securities began, which was on or about October 29th, 1929. From the evidence in the case, it is clear that the plaintiff's statement of account between itself and the defendant showed an unfavorable balance in the defendant account of over $7,000. This of course was ample consideration for the plaintiff requiring and the defendant giving, at the time, the check which is the subject-matter of this suit.

Appellant also argues, in passing, that the buying of stocks on margin is a transaction interdicted by the Gaming act. 2 *Comp. Stat., p.* 2623. Plainly it is not. *Kendall* v. *Fries,* 71 *N. J. L.* 401; 58 *Atl. Rep.* 1090; *Carpenter* v. *Kilborn et al.,* 109 *N. J. L.* 570; 162 *Atl. Rep.* 747. We notice an inconsistency between the complaint and the judgment which, however, is not challenged, and therefore needs no comment.

The judgment will be affirmed, with costs.